UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN FRITZ, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 17-cv-11021-IT |
| | * |
| KELLY RYAN, | * |
| | * |
| Respondent. | * |

MEMORANDUM AND ORDER

Petitioner Shawn Fritz filed a Petition for the Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [#1] in June 2017. Presently before the court is Respondent Kelly Ryan's Motion to Dismiss As Time-Barred [#7]. For the reasons set forth below, Respondent's Motion is ALLOWED and the Petition is DENIED.

I. Procedural History

In October 1996, Petitioner Shawn Fritz was found guilty in Suffolk County Superior Court of murder in the first degree and illegal possession of a firearm. Petitioner subsequently filed two unsuccessful motions for a new trial, and appealed the Superior Court's denials of his motions for a new trial to the Massachusetts Supreme Judicial Court ("SJC"). On July 29, 2015, the SJC affirmed the denials of Petitioner's motions for a trial and affirmed Petitioner's convictions. Commonwealth v. Fritz, SJC-07763 (Mass. July 29, 2015) (Dkt. 115).

On August 7, 2015, a group of defense attorneys sent a letter to the Chief Justice of the SJC contending that a footnote in the July 29 opinion "unfairly attack[ed] counsel and reflect[ed] a failure to account for the difficult role of counsel in such cases," and requesting that the footnote be removed. Pet.'s Opp'n Ex. 1 1 [#18-1]. The SJC did not include or acknowledge the letter on the docket. On September 11, 2015, the SJC issued its rescript to the trial court. Fritz,

SJC-07763. The trial court docketed receipt, and entered judgment accordingly, on September 17, 2015. Commonwealth v. Fritz, 9484-cr-11993 (Mass. Sup. Sept. 17, 2015) (Dkt. 80).

On December 6, 2016, Petitioner filed a third motion for a new trial in Suffolk County Superior Court. Fritz, 9484-cr-11993 (Dkt. 81). That motion was denied on May 24, 2017. Fritz, 9484-cr-11993 (Dkt. 85). Petitioner filed the instant Petition for Writ of Habeas Corpus [#1] in this court on June 2, 2017.

II.     Discussion

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The parties agree that the limitation period in this case began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at § 2244(d)(1)(A). A judgment of conviction generally "becomes final when the ninety-day period for seeking certiorari expire[s]." Neverson v. Farquharson, 336 F.3d 32, 36 (1st Cir. 2004). If a petition for rehearing is timely filed in the lower court, however, the time to file the petition for a writ of certiorari for all parties runs from the date of the denial of rehearing or, if the rehearing is granted, the subsequent entry of judgment. Sup. Ct. R. 13(3).

Petitioner argues that the August 7, 2015, letter to the Chief Justice constituted a petition for rehearing. Pet.'s Opp'n 3 [#18]. Petitioner contends that although no rehearing was held, the petition for rehearing was "granted" because the SJC did modify the footnote at issue. Id. at 2-3; see also Reply to Pet's Opp'n 2 [#19] (acknowledging footnote's modification). Thus, Petitioner argues, the judgment did not become final until ninety days after the Superior Court's entry of judgment on September 17, 2015, when the Superior Court acknowledged receipt of the SJC's rescript.

2

Respondent, in turn, contends that the SJC issued its judgment on July 29, 2015, and that the judgment became final on October 27, 2015, after the ninety-day period for seeking certiorari had expired. Resp't's Mem. 4 [#8]. Respondent disputes Petitioner's characterization of the letter as a petition for rehearing, where the letter made no argument that the court had overlooked or misapprehended any point of law or fact as required by Mass.R.A.P. 27 (a petition for rehearing "shall state with particularity the points of law or fact which it is contended the court has overlooked or misapprehended"), was not signed by counsel, and did not request a rehearing.

The court need not determine whether these requirements must always be met for a document to constitute a petition for rehearing for purposes of calculating the time for filing a petition for certiorari. Here, the SJC did not treat the letter as a petition for rehearing that required further action from the court. The letter was never docketed, no response was requested, and no rehearing was held. Indeed, even the published decision cited by Petitioner as evidence of the change gives no date for the change, listing only the original July 29, 2015, date.[1] See Commonwealth v. Fritz, 472 Mass. 341 (2015).

Though the SJC rescript was not issued to the trial court until September 11, 2015, and the trial court did not docket receipt until six days later, it is the date of the SJC's decision, not the subsequent ministerial dates, that starts the period in which the petition for certiorari must be filed. See Cole v. Violette, 319 U.S. 581 (1943) (noting that "Massachusetts local practice

---

[1] The practice of revising opinions without notice is not unique to the SJC. According to a recent law review article, the United States Supreme Court makes both "large and small, technical and substantive" revisions even after opinions have been published and taken legal effect. Richard J. Lazarus, The (Non)finality of Supreme Court Opinions, 128 Harv. L. Rev. 540, 581 (2014). The Court's practice of doing so in a manner that appears to "deliberately make it hard for anyone to determine when changes are made," id. at 608, has prompted calls for greater transparency. See id. at 619-22 (arguing that "[t]he addition, deletion, or substitution of words or phrases . . . should presumptively trigger more procedural safeguards and transparency," including notice to the parties and the public).

3

regards the decree entered by the Superior Court on the rescript, rather than the order of the Supreme Judicial Court contained in the rescript, as the 'final decree' in the case," but holding that because the SJC's decision "finally disposed of all the issues in the case, leaving nothing to be done but the ministerial act of entering judgment in the trial court[,]" it was the date of the SJC's decision that started the period in which the petition for certiorari needed to be filed); see also Mercado v. Roden, No. 11-cv-10321, 2016 WL 7209657 at *6 (D. Mass. Dec. 12, 2016) ("[W]here . . . the trial court mandate or judgment is not entered until 'some time after the entry of the critical appellate court judgment as to which review is sought[,] . . . [i]t is the date of this appellate court judgment that alone is relevant to the calculation of the 90 days allowed for petitioning for certiorari.'" (quoting Stephen M. Shapiro, et al., Supreme Court Practice, § 6.2 at 393 (10th ed. 2013)). Here, the date of the SJC's opinion was July 29, 2015. Fritz, SJC-07763 (Dkt. 115). Accordingly, the ninety-day period to seek certiorari ended in October 2015. Petitioner had one year from this date to file his petition for habeas relief or take other action that would toll this deadline. 28 U.S.C. § 2244(d)(1). His third motion for a new trial was not filed in state court until December 2016, and did not toll the statute of limitations for his habeas petition. See id.

III. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss As Time-Barred [#7] is ALLOWED. Petitioner's Petition for the Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [#1] is DENIED.

IT IS SO ORDERED.

Date: February 13, 2018             /s/ Indira Talwani
                                                                         United States District Judge